FILED
·SUPERIOR COURT
OF GUAM

2020 JUL -7 PM 3: 58

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | Criminal Case No. CF0245-20 |
|---|---|

**PEOPLE OF GUAM,**

v.

**JUAN FAISAO MENDIOLA,**
*aka* **John F. Mendiola,**
DOB: 07/04/1963

Defendant.

**Criminal Case No. CF0245-20**
GPD Report No. 20-11619

**DECISION AND ORDER
DENYING DEFENDANT'S
EX PARTE MOTION AND
APPLICATION FOR BAIL
REDETERMINATION**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 7, 2020 for hearing on Defendant Juan Faisao Mendiola's ("Defendant's") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Electronic Monitor Program Release ("Motion"). Assistant Attorney General Sean E. Brown represents the People, and Assistant Alternate Public Defender Heather M. Zona represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court **DENIED** Defendant's Motion at the hearing. The Court now issues the following Decision and Order memorializing its oral ruling.

## BACKGROUND

The People of Guam filed a complaint against Defendant, charging him with Murder (as a First Degree Felony) with the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony and Aggravated Assault (as a Second Degree Felony) with the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. Magistrate's

Decision and Order Denying Defendant's Ex Parte Motion and Application for Bail Redetermination
CF0245-20 – *People of Guam v. Mendiola*
Page 1 of 4

Compl. at 1-3 (May 6, 2020). At the magistrate's hearing, Defendant was incarcerated and bail was set at One Hundred Thousand Dollars ($100,000.00) cash. Min. Entry (May 6, 2020).

Defendant filed his Motion, seeking "release on his own recognizance or on the electronic monitoring program." Mot. at 4. The People oppose, arguing "Defendant fails to reasonably assure he will not endanger the safety of any other person or the community." People's Opp'n to Def.'s Mot. & Appl. for Bail Redetermination & Release on Personal Recognizance Electronic Monitor Program Release ("Opposition") at 3 (June 18, 2020). Defendant replied, arguing (1) Defendant will attend his court dates, (2) Defendant's release on the electronic monitoring program ("EMP") will not endanger anyone, and (3) Defendant's initial bail terms are unconstitutional. Def.'s Reply Mem. in Supp. of Appl. for Bail Redetermination & Relaease [sic] on Personal Recognizance Electronic Monitor Program Release ("Reply") at 2-4 (June 22, 2020). The Court held a hearing on the matter on July 7, 2020.

## DISCUSSION

A defendant who continues to be detained twenty-four (24) hours after conditions of release are imposed, as a result of his/her inability to meet the release conditions, "shall, upon application, be entitled to have the conditions reviewed by the Court." 8 G.C.A. §40.50(a). In reviewing these conditions, the Court "*shall* order the person charged to be released on recognizance, unless the [Court] determines, in [its] discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *Id.* § 40.15(b).

In determining whether there is a substantial risk of nonappearance or whether a defendant will endanger of another person or the community, the Court shall consider the following factors:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (A) length of his/her residence on Guam;
    (B) his/her employment status and history, and financial conditions;
    (C) his/her family ties and relationships;
    (D) his/her reputation, character, and mental and physical condition;
    (E) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail
    (F) his/her history relating to drug or alcohol abuse;
    (G) the identity of the reasonable members of the community who will vouch for his/her reliability;

Decision and Order Denying Defendant's Ex Parte Motion and Application for Bail Redetermination
CF0245-20 – *People of Guam v. Mendiola*
Page 2 of 4

(H) whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense under federal, state, or local law; and

(I) his/her history of compliance with other court order;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual members thereof if released;

(4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;

(5) lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and

(6) any other factors which bear on the risk of willful failure to appear or the danger the person would impose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c). If release on personal recognizance will not reasonably assure a defendant's appearance as required, or will endanger the safety of another person or the community, the Court shall impose the least onerous conditions of those specified in Section 40.20, such as the placement of the person "in the custody of a designated person or organization agreeing to supervise" the defendant or placing the defendant "under supervision by means of electronic monitoring . . . ." *See id.* § 40.20(a), (c).

The Court finds that the available information before it does not warrant release of Defendant in this case. The Court is particularly concerned about the nature of the offense and the possibility that Defendant's release may pose a danger to the witnesses in this case.

Defendant is charged with Murder (as a First Degree Felony) with the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony and Aggravated Assault (as a Second Degree Felony) with the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. The underlying facts alleged indicate that Defendant shot Victim Peter John Tadeo Rios, Jr. in the chest with a gun, taking his life. It is alleged that the shooting occurred as a result of an argument between the two.

Considering the nature of the crimes charged, the Court is concerned that Defendant's release on personal recognizance or EMP will not reasonably assure Defendant's appearance and that his release may endanger others in the community. The Court is particularly concerned for the safety of the two witnesses present at the residence at the time of the altercation, Claire Siguenza and Rae Ann Quidachay. The Court finds there is sufficient cause for concern of these witnesses,

Decision and Order Denying Defendant's Ex Parte Motion and Application for Bail Redetermination
CF0245-20 – *People of Guam v. Mendiola*
Page 3 of 4

considering (1) Claire Siguenza indicated she was afraid of Defendant and (2) Rae Ann Quidachay personally witnessed the altercation and shooting in question.

Defendant further argues for the first time in his Reply that the initial terms of bail are unconstitutional because they were not "particularized to the facts and circumstances of the particular case and defendant." Reply at 4. The Court notes that the Magistrate Judge filed an Order (Pre-trial Confinement) on June 16, 2020, detailing the reasons for Defendant's pre-trial confinement. Specifically, Defendant argues the bail terms imposed did not take into consideration Defendant's ability to pay. Reply at 4. Defendant argues the imposition of bail at $100,000.00 is excessive and unconstitutional. *Id.*

"'The test for excessiveness of bail is not whether a defendant is financially able to satisfy the requirement . . . but whether bail is set an amount higher than reasonably calculated to assure the presence of the accused.'" *People v. Bruneman*, 1996 Guam 3 ¶ 9 (quoting *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988), *United States v. Beaman*, 631 F.2d 85, 86 (6th Cir. 1980), *United States v. Salerno*, 481 U.S. 739, 752 (1987), and *Stack v. Boyle*, 342 U.S. 1, 5 (1951)). The Court finds here that Defendant has tremendous motivation to flee, considering the evidence against him and the potential sentence faced if found guilty. The imposition of cash bail at $100,000.00 is not excessive, considering the Court's goal of assuring Defendant's presence.

## CONCLUSION

For the reasons stated above, the Court **DENIED** Defendant's Motion.

**IT IS SO ORDERED** this 7th day of July, 2020.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Ex Parte Motion and Application for Bail Redetermination
CF0245-20 – *People of Guam v. Mendiola*
Page 4 of 4